UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61561-CV-DIMITROULEAS

JOHAN SEBASTIAN PALOMINO-GRANADA,

      Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL
CENTER, et al.,

      Respondents.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner Johan Sebastian Palomino-Granada ("Petitioner")'s Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [DE 1], filed May 27, 2026. The Court has considered the Petition [DE 1], Respondents' Response [DE 6] and Petitioner's Reply [DE 7] and is otherwise fully advised in the premises.

The Petition seeks two forms of relief: the grant of an individualized bond hearing, and the prevention of transfer to Mississippi. Petitioner contends that transfer would frustrate Petitioner's right to an individualized bond hearing, as is the law in this Circuit under *Hernandez Alvarez v. Warden, Federal Detention Center Miami, et al.,* Case Nos. 25-14065; 25-14075 (May 6, 2026).

In response to the Petition, Respondents concede that "the Petition should be granted in part because the Respondents do not oppose Petitioner's request for a bond hearing on the merits and according to the Executive Office of Immigration Review ("EOIR"), a bond hearing is set for June 3, 2026, before an immigration court in Jena, Louisiana" [DE 6] p. 1. Petitioner's concern that his transfer to Mississippi will not afford him a bond hearing is therefore obviated

by Respondents' express representation that he will have a bond hearing, and that one is scheduled to occur two days from now.

As for the Petitioner's requested relief to issue a temporary restraining order prohibiting the Petitioner's transfer to Mississippi, the claim is moot because Respondents transferred Petitioner on May 28, 2026. Moreover, because Petitioner's request to prevent transfer was tied to the concern about the applicable law in a hearing, this Order addresses Petitioner's concern below, and therefore moots the issue of Petitioner's relocation. *See* Petition, [DE 1] p. 4 ("Petitioner does not challenge Respondents' general authority to transfer detainees. Rather, Petitioner challenges the use of transfer authority in a manner designed to frustrate pending proceedings, interfere with access to counsel, and deprive Petitioner of meaningful custody review authorized by statute and protected by the Fifth Amendment.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition [DE 1] is **GRANTED IN PART** as follows:

1. Respondents are required to afford Petitioner an individualized bond hearing by an immigration judge in accordance with *Hernandez Alvarez v. Warden, Federal Detention Center Miami, et al.,* Case Nos. 25-14065; 25-14075 (11th Cir. May 6, 2026) and § 1226(a), not *Buenrostro-Mendez v. Bondi et al.*, Case. Nos. 25-20496; 25-40701 (5th Cir. Feb. 6, 2026). The immigration judge to conduct a hearing in this case has jurisdiction to conduct the individualized bond hearing.

2. The bond hearing shall occur within seven days, by June 8, 2026. Respondents shall file a notice in the record upon the completion of the bond hearing indicating (1) that an individualized bond hearing was afforded and (2) the outcome of that bond hearing.

3. A hearing in this matter is hereby set for 1:00 P.M. on **Tuesday, June 9, 2026**, in Courtroom 205B at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida. The hearing may be cancelled upon notification that the bond hearing was held in accordance with the conditions set forth in this Order.

4. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

5. The Court **RETAINS JURISDICTION** to enforce this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of June, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov